IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SYLVESTER O. BARBEE                                                                                    PLAINTIFF

      v.                              Civil No. 6:14-cv-06082-RTD-MEF

LISBETH ANNE MURPHY, *et. al.*                                                              DEFENDANTS

### ORDER

      Plaintiff, Sylvester O. Barbee, proceeds in this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*. According to Plaintiff's address of record, he is currently incarcerated in the Arkansas Department of Corrections, East Arkansas Regional Unit. Currently before the Court is Plaintiff's Motion to Amend/Correct Complaint (Doc. 16) and Defendants', Murphy and Lane, Motion to Compel ("Medical Defendants") (Doc 19).

**A.**    **Motion to Amend/Correct Complaint**

      Plaintiff filed his Complaint in the Eastern District of Arkansas on June 27, 2014. (Doc. 2) The Complaint was properly transferred to this District on June 30, 2014. (Doc 4) A page was missing from the transferred Complaint, so a Complete Complaint was filed on October 22, 2014. (Doc. 9) All references to the Complaint will refer to this second Complaint.

      On December 1, 2014, Plaintiff filed a Motion to Amend his Complaint. (Doc. 16) In this request, Plaintiff seeks to add Sergeant Starkey as a Defendant to the case for violating Plaintiff's alleged medical restriction of no work requiring the grip of his right hand. Specifically, he argues Starkey forced him to work with a hoe and a heavy crate, making his right hand swell. (Doc 16) Defendant Kelley responded, objecting to the addition of Sergeant Starkey. Specifically, she argues Plaintiff has made no allegation which would justify amending his Complaint, and the Amendment

would be futile because he as made no allegations which would support his claim against Starkey.

Rule 15 of the Federal Rules of Civil Procedure governs amended pleadings. Rule 15(a) provides in pertinent part:

> (1) ***Amending as a Matter of Course***. A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Although leave to amend is to be freely granted under Rule 15(a), the Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–32 (1971). Factors to consider in determining whether leave to amend should be granted include, but are not limited to: (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and, (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)); *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994).

Defendant correctly argues amendment would be futile in this case. Plaintiff provided no information concerning when the alleged acts of Starkey occurred. He provided no grievances, exhausted or otherwise, for this incident. He failed to provide any verifiable medical evidence concerning the alleged injury to his hand. Even taking Plaintiff's allegations as true, a swollen

hand, for which he did not report seeking medical treatment, is a non-actionable *de minimis* injury. Further, as it was filed approximately six months after the original Complaint, with no reason provided by Plaintiff for that delay, it appears to have been filed with undue delay.

Accordingly, Plaintiff's Motion to Amend/Correct his Complaint (Doc 16) is **DENIED**.

B.     **Motion to Compel**

On February 2, 2015, the Medical Defendants filed a Motion to Compel. (Doc. 19) They allege they served Plaintiff with Interrogatories and Requests for Documents on October 28, 2014. They allege they sent a letter to Plaintiff on January 5, 2015 requesting he respond by January 26, 2015.  As of the date of the Motion Plaintiff had not responded. (Doc. 19)

Under the Federal Rules of Civil Procedure, Plaintiff is afforded thirty (30) days to respond to discovery requests.  Fed. R. Civ. P. 33(b)(2) & 34(b)(2)(A).  Plaintiff did not request an extension of time to respond to Defendants' discovery requests.  Therefore, Plaintiff has failed to respond in the time provided by law.

Accordingly, Defendants' Motion to Compel (Doc. 19) is **GRANTED.**  Plaintiff is **DIRECTED** to provide Defendants with the required responses to the discovery requests **by 5:00 p.m. on September 14, 2014.**  Plaintiff is advised that failure to comply with this Order may result in the dismissal of this case.

**IT IS SO ORDERED** this 21st day of August, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE